**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JULITTA GAFFNEY, Widow of the Late | : | Civil Action |
| JOHN PETER GAFFNEY, | : | No. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., and | : | |
| YURIKO BULLOCK, | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Wells Fargo Bank, N.A.

("Wells Fargo") removes this action from the Superior Court of New Jersey, Mercer County,

Law Division to the United States District Court for the District of New Jersey.  In support of

this Notice of Removal, Wells Fargo states as follows:

1.      On or about November 4, 2020, Plaintiff Julitta Gaffney ("Plaintiff") filed a

complaint against Wells Fargo and Yuriko Bullock ("Bullock") in the Superior Court of New

Jersey, Mercer County, Law Division (the "Complaint") which was captioned *Julitta Gaffney,*

*Widow of the Late John Peter Gaffney v. Wells Fargo Bank, N.A. & Yuriko Bullock*, No. MER-L-

001961-20 (the "State Court Action").

2.      Wells Fargo was served with a copy of the Complaint on November 17, 2020.[1]

3.      Bullock has not been served with a copy of the Complaint.

---

[1]     Although the Complaint references two exhibits, Exhibit A and B, neither the copy served on Defendants nor the copy available through the Superior Court's electronic docket contain any such exhibits.  A true and correct copy of the Complaint as served is attached hereto as Exhibit A.

4.    Wells Fargo timely files this Notice of Removal in accordance with 28 U.S.C. §1446(b).

5.    Concurrent with the filing of this Notice, Wells Fargo is serving this Notice on Plaintiff and filing a copy of the Notice with the Superior Court of New Jersey.

### THE PARTIES

6.    Plaintiff is an adult individual residing in the Federal Republic of Germany. Plaintiff is a German citizen, is not a citizen of New Jersey and is not otherwise domiciled in New Jersey.

7.    Wells Fargo is a national bank incorporated under the laws of the United States with its main office located in South Dakota.  Therefore, Wells Fargo is considered a citizen of South Dakota for the purposes of section 1332(a).  *See, e.g., Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

8.    Bullock is an adult residing in New Jersey.  Bullock has not been served with the Complaint and, therefore, even if her joinder is proper, this action is subject to removal.  *See, e.g., Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018). Alternatively, for the reasons explained below she has been fraudulently joined and her joinder to this action does not prevent its removal.

### THE COMPLAINT

9.    Plaintiff is the widow of John Peter Gaffney (the "Decedent").  Complaint at ¶ 9.[2]

---

[2]    Wells Fargo summarizes the averments of the Complaint for the purposes of this Notice only.  Wells Fargo reserves the right to contest the Complaint and its averments at the appropriate time and in the appropriate manner.

10.    Decedent died on April 14, 2019. *Id*. at ¶ 11.  Before his death, "Decedent held at least two accounts with [Wells Fargo] – an investment account that held approximately $59,009.00 and a separate checking account that held approximately $3,773.00." *Id*. at ¶ 10.

11.    After Decedent's death, Plaintiff sought to have Wells Fargo release the funds it held in Decedent's accounts to her. *Id*. at ¶ 13.

12.    Wells Fargo initially and improperly refused to release any funds. *Id*. at ¶¶ 14-15.

13.    After "several months of Plaintiff incurring significant expense," Wells Fargo released all but approximately $1,886.65 to Plaintiff. *Id.* at ¶ 16.

14.    Since May 2020, Wells Fargo has continued its refusal to release the funds remaining in Decedent's accounts to Plaintiff. *Id*. at ¶¶ 17-20.

15.    Premised upon the foregoing allegations, Plaintiff asserts a claim for common law fraud (Count I) alleging that Decedent "entered into a contract with Defendant [Wells Fargo] whereby Defendant [Wells Fargo] would hold the [D]ecedent's funds on deposit in a checking or savings account." *Id*. at ¶ 35.  That contract required the release of funds to Decedent and/or his heirs upon death. *Id*. at ¶ 37.  Despite "several valid demands" Wells Fargo refused to release the funds. *Id*. at ¶ 40.

16.    Premised upon the same allegations, Plaintiff seeks recovery for breach of contract (Count II). *Id*. at ¶¶ 45-52.

17.    Plaintiff also purports to assert a claim under the New Jersey Consumer Fraud Act (Count III) contending: "As outlined above, Defendant Wells Fargo Bank represented to Plaintiffs [sic] that it would remit/pay out funds on deposit in the relevant checking and/or savings accounts upon demand pursuant to the parties' agreement" but has nevertheless refused to do so. *Id*. at ¶ 54.

18.     Premised upon the foregoing allegations, Plaintiff also purports to assert claims for conversion (Count IV) and unjust enrichment (Count V).

19.     With respect to all of her claims, Plaintiff seeks actual damages, attorneys' fees and costs, punitive damages, damages for emotional distress and unspecified "monetary sanctions."

## DIVERSITY JURISDICTION

20.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy is between a citizen of a foreign nation and citizens of a state, 28 U.S.C. § 1332(a)(2), and exceeds the sum or value of $75,000 exclusive of interest or costs, *id.* § 1332(a).

21.     Plaintiff is a citizen of the Federal Republic of Germany while Wells Fargo is a citizen of South Dakota.  Alternatively, should Plaintiff be a citizen of New Jersey, diversity would still exist between Plaintiff and Wells Fargo.  *See* 28 U.S.C. § 1332(a)(1).

22.     Though Bullock is a citizen of New Jersey, that does not act as an impediment to removal as she has not been served.  *See, e.g., Encompass Ins. Co., supra.*

23.     Alternatively, the citizenship of Bullock should be disregarded for the purposes of 28 U.S.C. § 1441(b)(2).  Bullock has not been properly joined in this matter.  She is alleged only to be the branch manager of Wells Fargo's Franklin Corner Road location.  Complaint at ¶ 6. Bullock is not alleged to have engaged in any wrongdoing.  She is not, and cannot be, alleged to be a party to the contract upon which all of Plaintiff's claims are premised.  *See id.* at ¶¶ 35, 45, 54, 65.  Nor is she alleged to have personal possession of the funds at issue.  Consequently, her citizenship should be disregarded.  *See, e.g., In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim").

24.    The amount in controversy requirement is satisfied based on a reasonable reading of the allegations of Plaintiff's Complaint. *See, e.g., Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy should be determined from "a reasonable reading of the value of the rights being litigated" as alleged in the complaint).

25.    To remand a case for failing to satisfy the amount in controversy threshold, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 529 (E.D. Pa. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). "[T]he question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id.* (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

26.    When, as here, a plaintiff has not specified in the complaint that the amount in controversy is less than the jurisdictional minimum, the Court must apply the test set forth in *Samuel Bassett v. KIA Motors America, Inc.,* 357 F.3d 392 (3d Cir. 2004). *See, e.g., Frederico v., Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007); *Vinski v. State Farm Mut. Auto. Ins. Co.*, No. 11-1326, 2012 U.S. Dist. LEXIS 2567, at *2-3 (W.D. Pa. Jan. 10, 2012). "Under this test, the burden shifts to the party challenging subject matter jurisdiction to prove, to a legal certainty, that the amount in controversy cannot exceed the statutory threshold." *Id.*. "The rule does not require the proponent of federal jurisdiction to prove anything." *Id.* (citations omitted).

27.    Plaintiff cannot prove to a legal certainty that her damages cannot exceed the jurisdictional amount; she alleges several categories of damages that when aggregated can exceed $75,000.

28.     Plaintiff seeks to recover actual damages including damages for emotional distress.  *See* Complaint at ¶ 51 ("Plaintiff has suffered significant damages.").

29.     Additionally, when calculating the amount in controversy it is appropriate for the Court to consider an unspecified award of punitive damages when a plaintiff can recover such damages under a specific claim. *See, e.g., Suber*, 104 F.3d at 585. Plaintiff asserts claims under the Consumer Fraud Act and for common law fraud, which claims allow for punitive damages and accordingly, may be considered for determining whether the amount in controversy has been met for purposes of removal. *See, e.g., Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) ("a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be said to a legal certainty that the value of plaintiff's claim is below the statutory minimum"); *Kimmel v. Degasperi*, No. 00-143, 2000 U.S. Dist. LEXIS 4935, at *6 (E.D. Pa. Apr. 7, 2000) ("Courts count punitive damages such as treble damages authorized by statute as part of the amount in controversy.") (citing *Russ v. State Farm Mut. Auto Ins. Co.*, 961 F. Supp. 801, 810-11 (E.D. Pa. 1997)).

30.     Plaintiff also seeks attorneys' fees and costs which may be awarded under the Consumer Fraud Act.  *See Suber*, 104 F.3d at 585 ("attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

31.     Because of the claims Plaintiff brings and the relief sought, Plaintiff cannot show that the total amount claimed cannot, to a legal certainty, exceed $75,000. *See Vinski*, 2012 U.S. Dist. LEXIS 2567, at *2-3; *TriState HVAC*, 752 F. Supp. 2d at 529.

32.     Without conceding the availability of any particular remedy or category of damages, this action involves a controversy wholly between citizens of a foreign state and of a

state and the value of the matter in dispute in said cause exceeds the sum of $75,000, exclusive of interest and costs, as appears from the allegations of Plaintiff's Complaint.

33.     Accordingly, this action is one over which this District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

34.     Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the proper venue for removal because this suit is pending in the Superior Court of New Jersey, Mercer County, Law Division, which lies within the District of New Jersey.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES

35.     The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.  *See* 28 U.S.C. § 1446(a).

36.     As required by 28 U.S.C. § 1446(d), copies of this Notice are being served on all parties and filed with the Superior Court of New Jersey, Mercer County, Law Division.   A true and correct copy of the Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit B.

37.     A copy of all process, pleadings and orders served on Wells Fargo is attached hereto as Exhibit A.

38.     By filing this Notice, Wells Fargo does not waive its right to object to service of process, sufficiency of process, venue or jurisdiction.  No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

39.     Based upon the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and this matter may be removed to this Court under 28 U.S.C. § 1441.

WHEREFORE, notice is given that this action is removed from the Superior Court of New Jersey, Mercer County, Law Division, to the United States District Court for the District of New Jersey.

Respectfully submitted,

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr.
Bryce@ballardspahr.com
Sadé Calin, Esquire
calins@ballardspahr.com
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
Telephone: 856.761.3400
Facsimile: 856.761.1020

Dated: December 16, 2020

Attorneys for Defendant Wells Fargo Bank, N.A.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of Defendant's Notice of

Removal was served, via ECF transmission, upon counsel of record.


/s/  Martin C. Bryce, Jr.
Martin C. Bryce, Jr.


Dated:  December 16, 2020

# EXHIBIT A

**GREGORY G. JOHNSON, ESQ.**
NJ Bar ID: 10701987
282 Glenn Avenue
Lawrenceville, New Jersey 08648
(609) 731-6960
*Attorneys for Plaintiff, Julitta Gaffney, Widow*

| | |
|---|---|
| JULITTA GAFFNEY, WIDOW OF THE LATE JOHN PETER GAFFNEY, | SUPERIOR COURT OF NEW JERSEY MERCER COUNTY LAW DIVISION |
| Plaintiff, | DOCKET NO.: MER-L-1961-20 |
| v. | *Civil Action* |
| WELLS FARGO BANK, N.A., and YURIKO BULLOCK, | |
| Defendant. | **SUMMONS** |

THE STATE OF NEW JERSEY TO:

**YURIKO BULLOCK**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 086250971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy

clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

*Michelle M. Smith*
Clerk of Superior Court

Dated: November 4, 2020

**Defendant(s) to be served:**
**Yuriko Bullock**
130 Franklin Corner Road
Lawrenceville, New Jersey 08648

**GREGORY G. JOHNSON, ESQ.**
NJ Bar ID: 10701987
282 Glenn Avenue
Lawrenceville, New Jersey 08648
(609) 731-6960
*Attorneys for Plaintiff, Julitta Gaffney, Widow*

| | |
|---|---|
| JULITTA GAFFNEY, WIDOW OF THE LATE JOHN PETER GAFFNEY,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and YURIKO BULLOCK,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: MER-L-<br><br>*Civil Action*<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, Julitta Gaffney, widow of the late John Peter Gaffney ("Plaintiff"), by and through her undersigned counsel, hereby submits this compliant against Defendants, Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), and Yuriko Bullock ("Defendant Bullock") (collectively, "Defendants").

## NATURE OF ACTION

1.     This action raises class claims against Defendants for engaging in ongoing improper, illegal, unconscionable, fraudulent, and/or bad faith conduct in connection with checking and savings accounts it maintains for accountholders.

2.     Specifically, upon the death of the account holder on the relevant checking and/or savings accounts it maintains, Defendants have established a pattern and practice of improperly withholding and/or failing to release sums and monies due to the estate of a decedent and/or the account holders' widows and/or successors-in-interest.

3.    Defendants' conduct constitutes fraud, breach of contract, consumer fraud, unjust enrichment, and conversion.

## PARTIES

4.    Plaintiff, Julitta Gaffney, widow of the late Estate of John Peter Gaffney, and for the purposes of administering John's Estate, had mailing address of 20 East Darrah Lane, Lawrence Township, New Jersey 08648.

5.    Upon information and belief, Defendant is a banking entity with a primary place of business located at 420 Montgomery Street, San Francisco, California 94104;

6.    Defendant Yuriko is a branch manager at the bank's Franklin Corner Road location.

## VENUE

7.    Venue properly lies in the Superior Court of New Jersey, Law Division, Mercer County because Plaintiff resides there, Defendant conducts business there, and the relevant allegations at issue in this action took place there.

## FACTS COMMON TO ALL COUNTS

8.    Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

9.    At all times relevant to this action, the holder of the accounts held and/or maintained by Defendant bank was Decedent, John Peter Gaffney (the "Decedent").

10.    Specifically, the Decedent held at least two accounts with Defendant – an investment account that held approximately $59,009.00 and a separate checking account that held approximately $3,773.00.

11.    On or about April 14, 2019, the Decedent passed away and on or about October 21, 2019, Francis X. Gaffney, brother-in-law, was appointed Administrator of the Decedent's

Estate. See attached Surrogate's Court Order marked as **Exhibit A**. Francis was also granted Power of Attorney to handle John's affairs as well.

12.    In an effort to distribute the Estate's assets pursuant to New Jersey law and/or any relevant will, Plaintiff sought to have all monies and sums on deposit in the Decedent's bank accounts released.

13.    In connection with that endeavor, in December 2019, Plaintiff sought to have Wells Fargo release the funds it held on deposit for Decedent, to Plaintiff.

14.    Plaintiff submitted all paperwork legally required for the release of the funds, as well as any additional paperwork Defendant requested. In this context, Plaintiff provided a completed and notarized NJ L-8 form about the heir/beneficiary of the deceased widow, Julitta Gaffney.

15.    Initially, Wells Fargo refused to release any funds after receiving the L-8.

16.    Eventually, and after several months of Plaintiff incurring significant expense, Defendant released the $38,000.00 on deposit in an account and Defendant Yuriko also released approximately $1,886.65 of the funds on deposit in the checking account, leaving approximately $1,886.65 due and owing to Plaintiff.

17.    Since the initial release of the funds on May 11, 2020, Plaintiff through the administrator and counsel contacted Defendants to have the remainder released to it.

18.    Despite Plaintiff's demand and its legal requirement to do so, however, Defendants refuse to release the remaining funds on deposit.

19.    The recent Wells Fargo bank statement shows an account balance of $1,886.70. See attached bank statement as **Exhibit B**.

20.    The Estate was subsequently closed on October 6, 2020. However, Defendants still refuse to release the funds to John's widow.

## CLASS ACTION ALLEGATIONS

21.    Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

22.    This action is brought and may properly proceed as a class action, pursuant to the provisions of R. 4:32, as Plaintiff seek certification of a Class initially defined as:

> All persons and/or their successors-in-interest who, during the applicable time period, either held, or were successors-in-interest, to a checking or savings account maintained by Defendant wherein Defendant failed to release the funds on deposit pursuant to New Jersey law and/or a valid will.

23.    The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

24.    Specifically, and upon information and belief, Defendant holds, owns, and/or services hundreds of bank accounts that fit the above-referenced fact pattern.

25.    There are questions of law and fact common to the members of the Class including, without limitation, the following:

> a.    Whether Defendant engaged in fraud, whether Defendant breached its contracts with the subject class, whether Defendant violated New Jersey's Consumer Fraud Act, whether Defendant was unjustly enriched, and whether Defendant converted property held by the Class.

26.    Plaintiff has claims typical of the claims of members of the Class, since all such claims arise out of Defendant's behavior as it relates to the vehicle loans it holds that fit the above-referenced fact pattern.

27.    The Class, of which Plaintiff is a member, is readily identifiable.

28.    Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in the prosecution of consumer litigation.

29.    The questions of law and fact common to the Class predominate over questions affecting only individuals.

30.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable; a class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort, and expense.

31.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the defendants to this action, or adjudications with respect to individual class members would be dispositive of the interest of other members not a party to this action; prosecution as a class action will eliminate the possibility of repetitious litigation.

32.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final junctive relief or corresponding declaratory relief with respect to the class as a whole.

33.     Plaintiffs do not anticipate any difficulty in the management of this litigation.

## COUNT ONE
## COMMON LAW FRAUD

34.     Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

35.     In each instance of the class, and in Plaintiff's specific situation, the decedent entered into a contract with Defendant whereby Defendant would hold the decedent's funds on deposit in a checking or savings account.

36.     In exchange for the use of the decedent's funds, Defendants granted him a bank account, which account was governed by the relevant contract provisions.

37.     The contract, among other things, required that Defendants maintain the account(s) and release the funds to the decedent-account holder and/or to his/her heirs upon the relevant demand.

38.     Accordingly, and by entering into the contract, Defendants represented to Plaintiff that it would abide by the parties' agreement to the extent it required release of funds on demand.

39.     Plaintiff has made several legal demands that Defendants release the funds in the accounts to Plaintiff.

40.     Despite Plaintiff's several valid demands, however, Defendants have continued to refuse to release the remainder of the funds in Plaintiff's accounts.

41.     Notably, had he known that Defendants wouldn't honor the agreement, Plaintiff/the decedent would not have opened an account or entered into any contract with Defendants.

42.     As a result of Defendants' fraudulent, misleading, and unconscionable conduct, Plaintiff has suffered significant damages in connection with this action.

43.     Defendantss conduct constitutes common law fraud

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

   a.    Awarding Plaintiff actual damages against Defendants;
   b.    Awarding Plaintiff attorneys' fees and costs against Defendants;
   c.    Awarding Plaintiff punitive damages against Defendants;
   d.    Awarding Plaintiff damages for emotional distress against Defendants;
   e.    Imposing any other appropriate monetary sanctions against Defendants; and
   f.    Any other relief that the court deems just and proper.

<u>**COUNT TWO**</u>
**BREACH OF CONTRACT**

44.     Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

45.     In each instance of the class, and in Plaintiff's specific situation, the decedent entered into a contract with Defendant Wells Fargo whereby Defendants would hold the decedent's funds on deposit in a checking or savings account.

46.     In exchange for the use of the decedent's funds, Defendants granted him a bank account, which account was governed by the relevant contract provisions.

47.     The contract, among other things, required that Defendants maintain the account(s) and release the funds to the decedent-account holder and/or to his/her heirs upon the relevant demand.

48.     Plaintiff has complied with all requirements it had pursuant to the parties' contract.

49.     Despite Plaintiff's demand and the parties' agreement, however, Defendants have refused, and continues to refuse, to remit the funds to Plaintiff.

50.     By failing to comply with its own contractual terms as outlined above, Defendants breached the parties' contract.

51.     As a result of Defendants' breach of contract, Plaintiff has suffered significant damages in connection with this action.

52.     Plaintiff has incurred damages as a result of Defendants' breach.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.      Awarding Plaintiff actual damages against Defendants;
b.      Awarding Plaintiff attorneys' fees and costs against Defendants;
c.      Awarding Plaintiff punitive damages against Defendants;
d.      Awarding Plaintiff damages for emotional distress against Defendants;
e.      Imposing any other appropriate monetary sanctions against Defendants; and
f.      Any other relief that the court deems just and proper.

## <u>COUNT THREE</u>
## VIOLATIONS OF THE CONSUMER FRAUD ACT

53.     Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

54.     As outlined above, Defendant Wells Fargo Bank represented to Plaintiffs that it would remit/pay out funds on deposit in the relevant checking and/or savings accounts upon demand pursuant to the parties' agreement.

55.     Contrary to that representation, however, Defendants refused, and continues to refuse, to remit the required monies to Plaintiff.

56.     This conduct is misleading, unlawful, unconscionable, and outright fraudulent.

57.     As a result of Defendant's fraudulent and misleading conduct, Plaintiff suffered the above-referenced damages and ascertainable losses.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

    a.    Awarding Plaintiff actual damages against Defendants;
    b.    Awarding Plaintiff attorneys' fees and costs against Defendants;
    c.    Awarding Plaintiff punitive damages against Defendants;
    d.    Awarding Plaintiff damages for emotional distress against Defendants;
    e.    Imposing any other appropriate monetary sanctions against Defendants; and
    f.    Any other relief that the court deems just and proper.

## COUNT FOUR
## CONVERSION

58.     Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

59.     As outlined above and contrary to the parties' agreement, Defendant has refused to remit funds it has on deposit, which funds belong to Plaintiff.

60.     Despite Plaintiff's continuing demand, Defendants have refused to release the funds to date.

61.     Notably, while Defendants continue to retain the funds, it continues to receive interest payments thereon, which monies legally belong to Plaintiff.

62.     By retaining the funds, and the profits those funds remit, Defendant has converted, and continues to convert, property that belongs to Plaintiff.

8

63.     Plaintiff has suffered and will continue to suffer harm and damages as a result of Defendant's conversion.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.     Awarding Plaintiff actual damages against Defendants;
b.     Awarding Plaintiff attorneys' fees and costs against Defendants;
c.     Awarding Plaintiff punitive damages against Defendants;
d.     Awarding Plaintiff damages for emotional distress against Defendants;
e.     Imposing any other appropriate monetary sanctions against Defendants; and
f.     Any other relief that the court deems just and proper.

## COUNT FIVE
## UNJUST ENRICHMENT

64.     Plaintiff hereby incorporates by reference all preceding allegations as if fully set forth at length herein.

65.     As outlined above and contrary to the parties' agreement, Defendant has refused to remit funds it has on deposit, which funds belong to Plaintiff.

66.     Despite Plaintiff's continuing demand, Defendant has refused to release the funds to date.

67.     Notably, while Defendant continues to retain the funds, it continues to receive interest payments thereon, which monies legally belong to Plaintiff.

68.     By retaining the funds, and the profits those funds remit, Defendant has been unjustly enriched at Plaintiff's expense.

69.     Plaintiff has suffered and will continue to suffer harm and damages as a result of Defendant's continued unjust enrichment.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

g.     Awarding Plaintiff actual damages against Defendants;
h.     Awarding Plaintiff attorneys' fees and costs against Defendants;
i.     Awarding Plaintiff punitive damages against Defendants;
j.     Awarding Plaintiff damages for emotional distress against Defendants;

 k. Imposing any other appropriate monetary sanctions against Defendants; and

 l. Any other relief that the court deems just and proper.

            */s/ Gregory G. Johnson*
            Gregory G. Johnson, Esq.

Dated: November 4, 2020

## JURY DEMAND

Plaintiff hereby demands a trial by jury of twelve persons as to all issues in this matter.

            */s/ Gregory G. Johnson*
            Gregory G. Johnson, Esq.

Dated: November 4, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Gregory G. Johnson, Esq. is hereby designated as trial counsel on behalf of Plaintiff.

            */s/ Gregory G. Johnson*
            Gregory G. Johnson, Esq.

Dated: November 4, 2020

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

Pursuant to R. 4:5-1(b)(3), I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

            */s/ Gregory G. Johnson*
            Gregory G. Johnson, Esq.

Dated: November 4, 2020

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that pursuant to R. 4:5-1(b), the matter in controversy is not the subject of any other action pending in any court, or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  I further certify that I know of no other parties that should be joined in this action pursuant to R. 4:28 or who are subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts.

_/s/ Gregory G. Johnson_____
Gregory G. Johnson, Esq.

Dated: November 4, 2020

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001961-20**

Case Caption: GAFFNEY JULITTA  VS WELLS FARGO
BANK, N. A.

Case Initiation Date: 11/04/2020

Attorney Name: GREGORY GUY JOHNSON

Firm Name: GREGORY G. JOHNSON ESQ

Address: 282 GLENN AVE

LAWRENCEVILLE NJ 086480000

Phone: 6097316960

Name of Party: PLAINTIFF : Gaffney, Julitta

Name of Defendant's Primary Insurance Company

(if known): Unknown

Case Type: TORT-OTHER

Document Type: Complaint with Jury Demand

Jury Demand: YES - 12 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same
transaction or occurrence)? NO

Are sexual abuse claims alleged by: Julitta Gaffney? NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
        If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
        If yes, for what language:

Please check off each applicable category: Putative Class Action? YES  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 11/04/2020 | /s/ GREGORY GUY JOHNSON |
| Dated | Signed |

# EXHIBIT B

BALLARD SPAHR LLP
By:    Martin C. Bryce, Jr., Esquire
bryce@ballardspahr.com
By:    Sadé Calin, Esquire
calins@ballardspahr.com
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
Telephone: 856.761.3400
Facsimile:  856.761.1020

*Attorneys for Defendant Wells Fargo Bank, N.A.*
_____

| | | |
|---|---|---|
| JULITTA GAFFNEY, Widow of the Late | : | SUPERIOR COURT OF NEW JERSEY |
| JOHN PETER GAFFNEY, | : | MERCER COUNTY |
| | : | LAW DIVISION |
| Plaintiff, | : | |
| | : | DOCKET NO.: MER-L-1961-20 |
| v. | : | |
| | : | |
| WELLS FARGO BANK, N.A., and | : | |
| YURIKO BULLOCK, | : | |
| | : | |
| Defendants. | : | |

## <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

To:    Clerk of the Superior Court of New Jersey, Law Division, Mercer County,

**PLEASE TAKE NOTICE** that on December 16, 2020, Defendant Wells Fargo Bank,

N.A. filed a Notice of Removal with the United States District Court District of New Jersey,

removing this action to federal court from the Superior Court of New Jersey, Law Division,

Mercer County.  A copy of the Notice of Removal is attached hereto as Exhibit 1.  A copy of the

Complaint can be found as Exhibit A to the Notice of Removal.  Pursuant to 28 U.S.C.

§ 1446(d), the Superior Court of New Jersey, Law Division. Mercer County shall proceed no further with this lawsuit.

Respectfully submitted,

/s/  Martin C. Bryce, Jr.

Martin C. Bryce, Jr.
Bryce@ballardspahr.com
Sadé Calin, Esquire
calins@ballardspahr.com
BALLARD SPAHR LLP
210 Lake Drive East, Suite 200
Cherry Hill, NJ  08002
Telephone: 856.761.3400
Facsimile:  856.761.1020

Dated:  December 16, 2020

Attorneys for Defendant Wells Fargo Bank, N.A.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Notice of

Filing of Notice of Removal, with exhibits, was served, via ECF transmission, upon counsel of

record.


/s/  Martin C. Bryce, Jr.
Martin C. Bryce, Jr.


Dated:  December 16, 2020